Exhibit D-3

Filed 6/24/2014 8:51:01 AM
Patti Flores
District Clerk
Wichita County, Texas

Lynette Guthrie

CAUSE NO. 180,958-A

| | | |
|---|---|---|
| NEWCO ENTERPRISES, LLC | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 30th JUDICIAL DISTRICT |
| | § | |
| SUPER HEATERS | § | |
| NORTH DAKOTA, LLC | § | |
| Defendant. | § | WICHITA COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION &
REQUEST FOR DISCLOSURE**

TO THE HONORABLE COURT:

Plaintiff NEWCO ENTERPRISES, LLC files this petition complaining of Defendant

SUPER HEATERS NORTH DAKOTA, LLC, and for cause of action respectfully shows as

follows:

**I. DISCOVERY LEVEL**

1.      Discovery is intended to be conducted under Level 3 of Texas Rule of Civil

Procedure 190.

**II. PARTIES, JURISDICTION AND VENUE**

2.      Plaintiff Newco Enterprises, LLC ("Newco") is a limited liability company

organized and existing under the laws of the State of Texas and having its principal office at

5310 Summit Drive, Wichita Falls, Wichita County, Texas.

3.      Upon information and belief, Defendant Super Heaters North Dakota, LLC

("SHND Delaware") is a limited liability company organized under the laws of the State of

Delaware with its principal place of business at 10260 Westheimer, Suite 460, Houston, Harris

County, Texas. SHND Delaware is the successor by merger to Super Heaters North Dakota

LLC, a limited liability company organized under the laws of the State of Texas ("SHND

---

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION & REQUEST FOR DISCLOSURE - Page 1

Texas") which also had its principal place of business at 10260 Westheimer, Suite 460, Houston, Harris County, Texas. SHND Texas merged with and into SHND Delaware effective January 31, 2014, with SHND Delaware being the surviving entity. SHND Delaware may be served with process via its registered agent: Capital Services, Inc., 1676 State Street, Suite B, Dover, Delaware 19901. Having previously merged, SHND Texas and SHND Delaware will hereinafter be referred to collectively as "Super Heaters".

4.     This Court has jurisdiction over the subject matter of the controversy in that the damages sought are within the jurisdiction of this Court, and SHND has purposefully availed itself of the privileges and benefits of conducting business in Texas.

5.     Venue is proper in Wichita County, Texas. All or a substantial part of the events or omissions giving rise to the claim occurred in Wichita County, Texas. Specifically, the "Exclusive Purchase and Use Rights and/or License Agreement" ("The Purchase, Use, and License Agreement") the subject of this suit was negotiated and executed in Wichita County, Texas. Further, the Oil-Fired Frac Water Heaters sold and licensed for use pursuant to The Purchase, Use, and License Agreement were manufactured, delivered to SHND, and paid for by SHND in Wichita County, Texas.

### III. FACTS

6.     Newco and SHND have had a contractual relationship over a period of six (6) years, arising out The Purchase, Use and License Agreement which was entered into on July 31, 2008.

7.     Pursuant to The Purchase, Use and License Agreement, the parties agreed that Newco would sell Oil-Fired Frac Water Heaters exclusively to SHND, and that Newco would further grant to SHND an exclusive right to use the Oil-Fired Frac Water Heaters throughout the

---

world. "Oil-Fired Frac Water Heaters" is a defined term in Article 1.8 and Exhibit "A" of The

Purchase, Use and License Agreement, specifically:

> "...a trailer mounted, Oil-Fired Frac Water Heater with six (6)
> burners, more specifically defined in U.S. Provisional Patent
> Application #61078734 as Model #SP018, including any
> advancements and improvements thereon and which produce
> 20,000,000 or more BTU's per hour..."

In addition to other consideration that SHND agreed to pay Newco, SHND agreed to pay

a royalty on the Oil-Fired Frac Water Heaters purchased and used by SHND. The royalty is to

be calculated on a monthly basis according to a formula set forth in The Purchase, Use, and

License Agreement and is required to be paid within thirty (30) days of the end of the month in

which the royalty is earned.

8.     SHND last paid a royalty payment in February, 2014, for the month ending

January 31, 2014. Accordingly, as of the date this Petition is filed, SHND Texas has failed to

pay royalties owing for the months of February, March, April, and May, 2014. By letter dated

May 16, 2014, Newco provided written notice to SHND of the royalty payment deficiency. By

letter dated June 6, 2014, SHND clearly stated its intention not pay the past due royalty payments

or future royalty payments, and instead demanded from Newco the repayment of all royalties

previously paid by SHND to Newco.

9.     Newco's royalty is to be calculated upon the "Net Revenues" received by SHND

from the use of the Oil-Fired Frac Water Heaters. "Net Revenue" is a defined term in Article 1.5

of The Purchase, Use, and License Agreement, but the information necessary to calculate the

"Net Revenues" is in the exclusive possession and control of SHND Texas. Specifically, in

order to calculate the "Net Revenues" upon which the royalty must be calculated, the following

information must be taken into consideration: (1) gross revenues earned by SHND, its Affiliates

and any sublicenses from the commercial use of the Oil-Fired Frac Water Heaters in their businesses; (2) all applicable local, state or federal taxes; (3) any third party pass-through charges such as equipment, third party or outside labor, tank, equipment rentals billed to the customer.

### IV.  CAUSE OF ACTION – DAMAGES FOR BREACH OF CONTRACT

10.     Newco incorporates by reference the allegations in paragraphs 6 through 9 as if fully set forth herein.

11.     Newco has substantially performed all of its obligations under The Purchase, Use and License Agreement.  All conditions precedent have been performed or have occurred.

12.     As alleged above, by letter dated June 6, 2014, SHND acknowledged receipt of written notice of deficiency in the payment of royalties, but clearly stated its refusal to pay past due royalties and any future royalties accruing under the terms of The Purchase, Use, and License Agreement.  SHND's failure to pay royalties due and owing is a breach of its obligations to Newco under The Purchase, Use, and License Agreement for which SHND is liable to Newco for damages in an amount equal to the royalties now due and which will become due prior to the trial of this cause, which Newco alleges, upon information and belief, to be over $200,000.00 but not more than $1,000,000.00, for which Newco sues.  Because the information necessary to calculate the royalty is currently in the exclusive control of SHND, Newco reserves the right to amend this damage amount when the necessary information is available.

### V.  CAUSE OF ACTION – DECLARATION TERMINATION OF CONTRACT FOR BREACH

13.     Newco incorporates by reference the allegations in paragraphs 6 through 9 as if fully set forth herein.

14.     By letter dated May 16, 2014, Newco presented written notice to SNHD of the deficiency in the royalty payments due and owing to Newco. SHND has refused to pay such unpaid royalty payments, contending that Newco has breached The Purchase, Use, and License Agreement by selling Oil-Fired Frac Water Heaters to entities other than SHND. As Newco has never engaged in an unauthorized sale of an "...Oil-Fired Frac Water Heater with six (6) burners..." to any entity other than SHND, it appears that SHND has taken the position that the sale of any Oil-Fired Frac Water Heater to another entity violates The Purchase, Use, and License Agreement. The resolution of this controversy requires a determination whether an Oil-Fired Frac Water Heater, other than an "Hot Oil-Frac Water Heater with six (6) burners...", may be subject to the exclusively provision of The Purchase, Use, and License Agreement.

15.     Newco seeks a declaration by this Honorable Court, pursuant to CPRC § 37.001 et seq., of the rights and status of the parties under The Purchase, Use, and License Agreement, and specifically that Newco's sale of certain Oil-Fired Frac Water Heater (those with less than six burners) does not violate the exclusivity provisions of The Purchase, Use, and License Agreement, that there is a deficiency in the payment of royalties by SHND, that said deficiency remains unpaid for more than thirty (30) days after receipt of written notice of deficiency, and that The Purchase, Use, and License Agreement is terminated, save and except for the continuing obligation of SHND to pay royalties pursuant to Article 18.5 of The Purchase, Use, and License Agreement, which provides that such termination:

> "...shall not release SHND from any obligations that arose or accrued prior to the date such termination became effective or release SHND from its obligations to pay royalties pursuant to Article 5.1 for any continued use of the Oil-Fired Frac Water Heaters."

## VI. REQUEST FOR DISCLOSURE

16.     Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose within the required time period the information or material described in Rule 194.2(a) – (l).

## VII. TRIAL BY JURY

17.     Newco requests a trial by jury and will timely pay the required jury fee.

## PRAYER

WHEREFORE, Newco prays that Super Heaters be cited to appear and, upon trial for this cause, Newco be awarded the following:

1.      Judgment against Defendant SNHD for a sum, including but not limited to the amount of royalties which remain unpaid at time of trial by SHND, which Newco alleges to be over $200,000.00 but not more than $1,000,000.00;

2.      Declaration that the contract is terminated pursuant to Article 18.5 of The Purchase, Use, and License Agreement, but that SNHD remains obligated to pay all unpaid royalties and any future royalties for use of the Oil-Fired Frac Water Heaters.

3.      Prejudgment and postjudgment interest as provided by law;

4.      Costs of suit;

5.      Attorney's fees; and

6.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

KESSLER COLLINS, P.C.
A Professional Corporation


By:   /s/ Joseph O. Collins, Jr.
      JOSEPH O. COLLINS, JR.
      State Bar No. 04625500
      joc@kesslercollins.com
      ANTHONY J. BARBIERI
      State Bar No. 24025235
      ajb@kesslercollins.com

2100 Ross Avenue, Suite 750
Dallas, Texas 75201
(214) 379-0722 Office
(214) 373-4714 Facsimile

                -   And   -

MALONE LAW FIRM

      DON ROSS MALONE
      Texas Bar No. 12873500

P.O. Box 953
1901 Lamar St (76384)
Vernon, Texas  76385
940.552.9946 Telephone
940. 552.9925
drm@malonelawtx.com


**ATTORNEYS FOR PLAINTIFF**



PATTI FLORES
WICHITA COUNTY DISTRICT CLERK
P.O. BOX 718
WICHITA FALLS, TX 76307

7013 1090 0001 9751 6110

SUPER HEATERS NORTH DAKOTA, LLC
c/o CAPITAL SERVICES, INC., REGISTERED AGENT
1676 STATE STREET, SUITE B
DOVER, DELAWARE  19901